PUTNAM and HERRICK, JJ., concurred.

Decision of the Comptroller affirmed, writ of certiorari quashed, with fifty dollars costs and disbursements.

---

In the Matter of the Estate of MATILDA SUNDERLIN, Deceased.

*Claim by an administratrix to the entire estate, disallowed — the value of the board of the testatrix allowed.*

The administratrix of an estate presented against the estate a claim which consisted almost entirely of a statement of an alleged agreement by which the administratrix was to have all the property of the deceased that was left at the time of the latter's death, but there was in addition a request made in the claim for such other relief as to the court might appear equitable. It was. found by the surrogate, upon the accounting, that the deceased boarded with such administratrix for thirty weeks, and that the board was worth four dollars. a week, and that she had never received any payment for board and lodging.
*Held*, that, under the circumstances, $120, the value of such board and lodging, should be allowed on account of the claim of the administratrix against the estate.

APPEAL by the claimant, Sarah C. Thumb, from so much of a. decree made by the surrogate of the county of Montgomery, and entered in the office of the clerk of the Montgomery County Surrogate's Court on the 7th day of November, 1892, as directed that.

THIRD DEPARTMENT, DECEMBER TERM, 1893.        [Vol. 74.

the surplus remaining in the hands of the administrator of the estate of Matilda Sunderlin be retained by him.

*J. W. Hill*, for Sarah C. Thumb, claimant, appellant.

*H. L. Huston*, for the administrator, respondent.

HERRICK, J.:

From an examination of the evidence in this case I can see no sufficient reason to reverse the conclusions at which the surrogate arrived in regard to the alleged agreement between the deceased and Sarah C. Thumb.

The surrogate has found that the deceased boarded with Sarah C. Thumb for thirty weeks; that the value of board at the time in that locality was four dollars per week, and that she has never received any payment for the board and lodging so furnished; this item, I think, should have been allowed. It is true that no specific claim for that amount was set forth in the written claim, which was devoted almost entirely to the statement of the alleged agreement by which she was to have all the property of the deceased that was left at the time of her death. Still, there is a request for such other relief as to the court may appear equitable in the premises.

This was an accounting before the surrogate, and the person presenting this claim was one of the administrators of the estate. There was no order of reference as is ordinarily the case where a claim against an estate is contested, where the referee would only be at liberty to determine upon the exact claim presented. It seems to me that the court here might have a little more latitude, under the claim made, than a referee appointed under the statute would have. There has been no surprise; the time of the decedent's board and lodging is not controverted, and the value of the board and lodging per week was admitted on the hearing. The decree I think should, therefore, be modified, allowing and directing to be paid to Sarah C. Thumb the sum of $120 in payment for such board and lodging, and the decree, as so modified, should be affirmed, with costs to the appellant to be paid out of the estate.

MAYHAM, P. J., and PUTNAM, J., concurred.

Decree as modified affirmed.